IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN GREEN, *on behalf of himself and all others similarly situated*, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

## NATURE OF ACTION

1.      Plaintiff Benjamin Green ("Plaintiff") brings this putative class action against Defendant GC Services Limited Partnership ("Defendant") pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Grand Traverse, and the Village of Kingsley.

1

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.2(e).

6.   Defendant is a Texas limited partnership with a principal office located at 6330 Gulfton, Houston, TX 77081 and who, upon information and belief, is duly licensed to conduct business within the state of Michigan.

### THE ELECTRONIC FUND TRANSFER ACT

7.   The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

8.   Congress passed the EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

9.   Courts have observed that it was "[t]he dependency of electronic fund transfer systems on computers and the resulting absence of any human contact with the transfer [that] motivated Congress to pass the EFTA, as well as the lack of a written record." *Vigneri v. U.S. Bank Nat'l Ass'n*, 437 F. Supp. 2d 1063, 1066 (D. Neb. 2006).

10.   In passing the EFTA, however, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

11.   Section 1693e(a) of the EFTA provides in pertinent part:

> A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.

15 U.S.C. § 1693e(a).

## FACTUAL ALLEGATIONS

12. In or around March 2015, Defendant and Plaintiff entered into a verbal loan rehabilitation agreement over the telephone, which authorized Defendant to debit Plaintiff's personal checking account each month for $72.00.

13. Plaintiff's checking account was established primarily for personal, family, or household purposes.

14. Therefore, Plaintiff's checking account is an "account" as defined by 12 U.S.C. § 1693a(2) and 12 C.F.R. § 205.2(b)(1).

15. The transfer payments called for in the payment arrangement were to be taken electronically.

16. Thus the transfer payments were "electronic fund transfers" as defined by 15 U.S.C. 1693a(7) and 12 C.F.R. § 205.3(b).

17. The electronic fund transfers called for by the payment arrangement were to occur at substantially regular intervals.

18. Thus the electronic fund transfers are "preauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(10) and 12 C.F.R. § 205.2(k).

19. Plaintiff and Defendant entered into this agreement over the phone.

20. Defendant did not obtain Plaintiff's signed written authorization before debiting his account.

21. Defendant also failed to provide Plaintiff with a copy of Plaintiff's signed, written authorization at the time it was made.

## CLASS ACTION ALLEGATIONS

22. Plaintiff repeats and re-alleges all factual allegations above.

23. Defendant is "one of the oldest and largest accounts receivable management companies in the United States."[1]

24. Upon information and belief, Defendant routinely obtains and uses bank account information from its customers to establish recurring electronic fund transfers over the phone.

25. Upon information and belief, Defendant routinely fails to give a copy of a signed agreement to the individual either at the time of the transaction or at a later time, as Defendant failed to do with Plaintiff above.

26. Upon information and belief, Defendant has entered into preauthorized electronic fund transfer agreements by phone with at least 40 individuals in the year prior to the filing of this complaint.

27. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the United States from whose checking account Defendant, in the year prior to the filing of this complaint, made withdrawal of funds from such account pursuant to an agreement by phone where payment was to be made in four or more monthly or bi-weekly payments.

28. The proposed class specifically excludes the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of the United States

---

[1] *Owner Resource Group Acquires GC Services*, BUSINESS WIRE (Jan. 12, 2016, 10:48 AM), http://www.businesswire.com/news/home/20160112006130/en/Owner-Resource-Group-Acquires-GC-Services.

Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

29. The class is averred to be so numerous that joinder of members is impracticable.

30. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

31. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

32. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1693 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

33. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

34. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

35. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

36. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

37. Plaintiff is willing and prepared to serve this Court and the proposed class.

38. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

39. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

41. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to class members predominate over any questions affecting only individual members.

44. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693e(a)

45. Plaintiff repeats and re-alleges each and every factual allegation above.

46. "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."  15 U.S.C. § 1693e(a).

47. Defendant violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization.

48. Defendant further violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of Plaintiff's signed, written authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Determining that Defendant violated 15 U.S.C. § 1693e(a) with respect to Plaintiff and the class he seeks to represent;

c) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a);

d) Awarding all class members such amount as the court may allow, without regard to a minimum individual recovery with the total recovery not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1693m(a)(2)(B);

e) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3);

f) Awarding Plaintiff, and the class he seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 14, 2016

>/s/ Ronald S. Weiss
>Ronald S. Weiss (P48762)
>Law Offices of Ronald S. Weiss
>7035 Orchard Lake Road, Suite 600
>West Bloomfield, MI 48322
>RWeiss@consumerlawinfo.com
>(888) 332-7252 ext. 230
>(248) 737-8003 Fax

Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206